IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HOPE FORTI, INDIVIDUALLY, AS ADMINISTRATRIX OF THE ESTATE OF KYLE JOHN FORTI, DECEASED, AND AS NEXT FRIEND FOR MA. F. AND ME. F., MINORS,<br><br>Plaintiffs,<br><br>v.<br><br>BELL TEXTRON, INC. F/K/A BELL HELICOPTER TEXTRON, INC.; BELL HELICOPTER TEXTRON CANADA LIMITED; SAFRAN USA, INC.; SAFRAN HELICOPTER ENGINES USA, INC.; AND SAFRAN HELICOPTER ENGINES, S.A.;<br><br>Defendants. | CIVIL ACTION<br>NO._____ |

## NOTICE OF REMOVAL

Defendant Bell Helicopter Textron Canada Limited ("Bell Canada") removes this action from Texas state court to the Northern District of Texas based on 28 USC § 1441 and § 1446. In support of this removal, Bell Canada would show the Court as follows:

**I.   BACKGROUND:**

1.   Defendant Bell Canada is a Defendant in a case filed in County Court at Law No. 5, Dallas County, State of Texas, cause number CC-20-00632-E entitled *Hope Fort, et al v. Bell Textron, Inc. f/k/a Bell Helicopter Textron, Inc., et al.*[1] Plaintiffs filed their suit on February 4, 2020.[2]

---

[1] Exhibit C.1, Plaintiffs' Orig. Pet., Req. for Disc., and Req. for Jury Trial.
[2] *Id.*

NOTICE OF REMOVAL    Page 1

2.    This lawsuit arises from an aircraft accident that allegedly occurred on March 3, 2019 at Lake Turkana, Kenya.[3] Plaintiffs allege that John Forti sustained fatal injuries in the accident.[4] In their state court civil cover sheet, Plaintiffs allege that they seek damages in excess of $1,000,000.00.[5]

3.    As will be identified below, this Court has original and removal jurisdiction over this matter pursuant to the Court's "diversity jurisdiction." There is complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000.00. No Defendant has been served. This notice of removal was filed less than 30 days after Bell Canada became aware of the lawsuit. Further, this action has been removed less than one year after commencement in state court.[6]

I.    **BASIS FOR REMOVAL:**

4.    As a United States District Court, this Court has original jurisdiction over this action under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441.

5.    All Plaintiffs are citizens of the State of Colorado, and they are not citizens of Texas. Plaintiff Hope Forti, Individually, as Administratrix of the Estate of Kyle John Forti, Deceased, and as Next Friend for Ma. F. and Me. F., Minors, is a citizen of the State of Colorado.[7] The Estate of Kyle John Forti, Deceased, is a citizen of Colorado. Plaintiffs Ma. F. and Me. F., Minors, are citizens of the State of Colorado.[8]

---

[3] *Id.*
[4] *Id.*
[5] Exhibit C.2, Civil Cover Sheet.
[6] 28 USC § 1446.
[7] Exhibit C.1, Plaintiffs' Orig. Pet., Req. for Disc., and Req. for Jury Trial.
[8] Exhibit C.1, Plaintiffs' Orig. Pet., Req. for Disc., and Req. for Jury Trial.

4.     There is complete diversity in this lawsuit because none of the Defendants are citizens of Colorado.

5.     Plaintiffs admit that Defendant Bell Textron, Inc. is a Delaware corporation with a principal place of business in Tarrant County, Texas; thus, Bell Textron, Inc. is a citizen of Delaware and Texas.[9]

6.     Plaintiffs admit that Defendant Bell Helicopter Textron Canada Limited is a foreign corporation organized and existing under the laws of Canada, whose principal office is located in Canada; thus, Bell Helicopter Textron Canada Limited is a citizen of Canada.[10]

7.     Plaintiffs admit that Defendant Safran Helicopter Engines USA, Inc. is a Delaware corporation authorized to do business in the State of Texas with a principal place of business in Dallas County, Texas; thus, Safran Helicopter Engines USA, Inc. is a citizen of Delaware and Texas.[11]

8.     Plaintiffs admit that Defendant Safran USA, Inc. is a Delaware corporation with a principal place of business in Dallas County, Texas; thus, Safran USA, Inc. is a citizen of Delaware and Texas.[12]

---

[9] Exhibit C.1, Plaintiffs' Orig. Pet., Req. for Disc., and Req. for Jury Trial; 28 USC § 1332 (c)(1).
[10] Exhibit C.1, Plaintiffs' Orig. Pet., Req. for Disc., and Req. for Jury Trial; 28 USC § 1332 (c)(1).
[11] Exhibit C.1, Plaintiffs' Orig. Pet., Req. for Disc., and Req. for Jury Trial; 28 USC § 1332 (c)(1).
[12] Exhibit C.1, Plaintiffs' Orig. Pet., Req. for Disc., and Req. for Jury Trial; 28 USC § 1332 (c)(1).

9. Plaintiffs admit that Defendant Safran Helicopter Engines, S.A. is a corporation organized under the laws of France with a principal place of business in France; thus, Safran Helicopter Engines, S.A. is a citizen of France.[13]

10. There are no Colorado citizens who are defendants; there are no Delaware, Canadian, or French citizens who are plaintiffs. The amount in controversy is in excess of $1,000,000.[14] Accordingly, there is complete diversity of citizenship, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. This makes this case removable under 28 U.S.C. § 1441.

11. Consent for this removal is not required because no Defendant has been properly joined and served.[15]

### III.  PROCEDURAL REQUIREMENTS:

12. Pursuant to Local Rule 81.1 (a) (4), copy of each of the following is attached hereto:

   a. Exhibit A:  Index of all documents filed in the State Court Case;

   b. Exhibit B:  A copy of the Docket Sheet in the State Court Case;

   c. Exhibit C:  Each document filed in the State Court Case, except discovery material;

   d. Exhibit D:  A separately signed certificate of interested persons.

   e. Exhibit E: Civil Cover Sheet; and

   f. Exhibit F: Supplemental Civil Cover Sheet.

---

[13] Exhibit C.1, Plaintiffs' Orig. Pet., Req. for Disc., and Req. for Jury Trial; 28 USC § 1332 (c) (1).
[14] Exhibit C-1, Plfs.' Or. Pet., RFDs, and Rule 21a(a)(1) Notice, at ¶ 8.
[15] 28 U.S.C. § 1446(b)(2)(A) (defendants who have "been properly joined and served" must consent).

13. Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1446 (d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice. Pursuant to 28 U.S.C. § 1446 (d), a true and correct copy of this Notice will be filed with the County Court at Law No. 5 of Dallas County, Texas promptly after the filing of this Notice.

14. Removal of this action is proper under 28 U.S.C. § 1441 (b) (2) because no defendant who is a citizen of Texas has been properly joined and served.

## IV. CONCLUSION:

15. Defendant Bell Helicopter Textron Canada Limited timely removes this action for trial from the County Court at Law No. 5 Dallas County, Texas to this Court.

Respectfully submitted,

/s/ *Charles H. Smith*
Charles H. Smith (attorney in charge)
SBN: 18550500
chsmith@canteyhanger.com
J. Michael Colpoys
SBN: 04626550
mcolpoys@canteyhanger.com
David Denny
SBN: 00787354
ddenny@canteyhanger.com
Bryan S. David
SBN: 24031989
bdavid@canteyhanger.com

Cantey Hanger, LLP
1999 Bryan St., Suite 3300
Dallas, TX 75201
(214) 978-4100
(214) 978-4150 FAX

**ATTORNEYS FOR BELL HELICOPTER**

**TEXTRON CANADA LIMITED**

**CERTIFICATE OF SERVICE**

      On February 4, 2020, I filed the forgoing Notice of Removal with the clerk of the court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rules of Civil Procedure 5 (b) (2).

      /s/ *Bryan S. David*
      Bryan S. David